MEMORANDUM *
Umugali Sultanova (“Sultanova”) [1], native and citizen of Russia, petitions for *371 review of the Board of Appeals’ (“BIA”) decision affirming the Immigration Judge’s (“IJ”) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review in part, deny in part, and remand to the BIA for further proceedings..
Because Sultanova does not challenge the IJ’s discretionary denial of her asylum petition in her opening brief, she has waived that issue. See Balser v. Dep’t of Justice, 327 F.3d 903, 911 (9th Cir.2003) (“Issues not raised in the opening brief usually are deemed waived.”) (internal quotations and citation omitted); Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996) (same). We deny the petition for review on her asylum claim.
The IJ denied withholding of removal and relief under CAT because he found that Sultanova was not credible, and because, in the absence of credible testimony, she did not demonstrate that it was more likely than not that she would be persecuted or tortured if returned to Russia. We review adverse credibility findings for substantial evidence. See Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002). To support an adverse credibility finding, the IJ “must have a legitimate articulable basis to question the petitioner’s credibility, and must offer a specific, cogent reason for any stated disbelief.” Osorio v. INS, 99 F.3d 928, 931 (9th Cir.1996) (internal quotations omitted). “We independently review each ground the IJ cites in support of an adverse credibility finding.” Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006).
First, the IJ concludes, without further explanation, that he based his adverse credibility finding on Sultanova’s demean- or as she testified. Although we accord “special deference” to an IJ’s credibility finding based on demeanor given his “opportunity to make a first-person evaluation of all the subtly conveyed factors,” it is only proper to do so if such non-verbal behavior is explicitly described in his opinion. Jibril v. Gonzales, 423 F.3d 1129, 1137 (9th Cir.2005). Because Sultanova’s demeanor was not described adequately for appellate review, we do not give any deference to this finding, and we cannot say that the demeanor finding is supported by substantial evidence. See id. A mere statement that a witness is not credible based on his or her demeanor with no explanation of what led to that statement cannot be sustained.
Second, a principal basis of the IJ for finding that Sultanova was not credible was the “fundamental question” he perceived about the identity of Sultanova’s second husband, specifically the discrepancy of why her second husband is listed on her son’s birth certificate when he was not the biological father. Even assuming the father’s name listed on her son’s birth certificate goes to the heart of her claim, a review of the record shows that Sultanova explained that she was changing her son’s last name and that in Russia naming another person on the birth certificate is permitted. The IJ does not acknowledge the proffered explanation for the perceived inconsistency or indicate in his decision that he confronted Sultanova with any challenge to this explanation. The lack of consideration given to Sultanova’s explanation “was error and prevents the underlying inconsistency from serving as substantial evidence to support the IJ’s adverse credibility finding.” Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009); see also Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004) (“An adverse credibility finding is improper when an IJ fails to address a petitioner’s explanation for a discrepancy or inconsistency.”). Further, the record does not support the IJ’s con *372 tention that Sultanova’s son did not know what his stepfather did for a living — her son stated that his stepfather was “an independent reporter, [a] journalist.” These findings, considered together, are not supported by substantial evidence and cannot be used as a basis to support the IJ’s adverse credibility finding.
Third, the IJ briefly stated that Sultano-va’s testimony was vague and there was not a coherent account of the details of her claim. Although details may be lacking, Sultanova testified that after her husband’s death extremists came to her house often, beat her, burned her furniture, and threatened to kill her and her son. If the IJ viewed this testimony as vague or unclear, he needed to give Sultanova a chance to clarify her testimony. See Guo v. Ashcroft, 361 F.3d 1194, 1200, 1202 (9th Cir.2004) (“[Ujnclear [or vague] testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.”). Further, the IJ merely presumes that Sultanova should have known more about her husband’s work. See Kaur, 379 F.3d at 887 (“Speculation and conjecture cannot form the basis of an adverse credibility finding .... ” (internal quotations omitted)). The IJ’s third basis fails the substantial evidence standard under our circuit law.
Fourth, the IJ found purported inconsistencies between Sultanova’s written asylum application and her testimony. The IJ found that Sultanova’s statement that she was not threatened before her husband’s murder was inconsistent with her written statement stating “we were continually threatened,” but ignored Sulta-nova’s explanation that there were general terrorist acts and threats targeted at Russia but that Sultanova and her son were not personally threatened until after her husband’s death. An adverse credibility finding is improper and prevents the underlying inconsistency from serving as substantial evidence when an IJ fails to address a petitioner’s explanation for a perceived discrepancy. See Soto-Olarte, 555 F.3d at 1091. The IJ found Sultano-va’s statements that her son stayed with “neighbors” versus a single neighbor were inconsistent, but the minor inconsistency between her use of “neighbor” and “neighbors” does not go to the heart of her asylum claim and cannot be the basis for an adverse credibility finding. See Zhu v. Mukasey, 537 F.3d 1034, 1042 (9th Cir.2008) (holding that the inconsistency between “child” and “children” does not go to the heart of the asylum claim). The final inconsistency relied on by the IJ related to whether Sultanova was beaten in the street as stated in her written asylum application, or in her apartment as indicated in her hearing testimony. However, the IJ could not properly base his adverse credibility determination on this inconsistency when he did not ask her about the discrepancy or give her an opportunity to reconcile the asylum application and the hearing testimony. Soto-Olarte, 555 F.3d at 1092 (overturning adverse credibility determination because the petitioner “was never asked about any of these inconsistencies at his hearing” and “the IJ did not offer [the petitioner] an opportunity to explain the inconsistencies on which [the IJ] later relied in finding [the petitioner] not credible”); Don v. Gonzales, 476 F.3d 738, 741 (9th Cir.2007) (“[T]he IJ must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.” (internal quotations omitted)). To the extent the IJ relied on these inconsistencies, substantial evidence does not support these findings.
Because substantial evidence does not support the adverse credibility finding, and because it is unclear whether the BIA *373 credited Sultanova’s testimony when it denied her withholding of removal or relief under CAT, we remand to the BIA on an open record to permit it to make a legally sufficient credibility finding or to evaluate Sultanova’s eligibility for withholding of removal and CAT claims on the merits if she is considered credible. See Soto-Olarte, 555 F.3d at 1096.
We grant the petition in part and remand to the BIA on an open record. Petition for review DENIED in part; GRANTED in part; and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3

. Sultanova is the lead petitioner; her son's petition is derivative of her petition and succeeds or fails with his mother’s petition. See Kumar v. Gonzales, 439 F.3d 520, 521, 525 (9th Cir.2006).